IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHICORY COURT MADISON III LP, | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:19-CV-2503-L-BK |
| | § | |
| DANIY'EL BEY, | § | |
| DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition. Upon review of the relevant pleadings and applicable law, this action should be **REMANDED** *sua sponte* for lack of jurisdiction.

**I. BACKGROUND**

On October 23, 2019, Defendant Daniy'el Bey, "Ex Rel: Daniel Evans," proceeding *pro se* and as a member of the Moorish Nation, filed a *Writ of Prohibitio & Writ of Removal* from an apparent state eviction action in Dallas County Justice Court, Precinct 1, Place 1, Cause No. JE19-07565H. Doc. 3 at 1. Bey asserts: "Chicory Court Madison III LP claims I owe them rent. They have not responded to a writ sent to them." Doc. 3 at 5. Bey purports to rely on diversity of jurisdiction as a basis for removal. He maintains that he is not a citizen of the United States or of the State of Texas because the "14th Amendment was never officially ratified." Doc. 3 at 1.

Because subject matter jurisdiction is lacking, this action should be remanded *sua sponte*.

## II. ANALYSIS

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

A defendant may remove a state court action if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties and at least $75,000 in controversy, *see* 28 U.S.C. § 1332. In addition, the removing party bears the burden of establishing jurisdiction, *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001), and "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference," *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988).

The Court liberally construes the notice of removal with all possible deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, the *Writ of Removal* fails to allege facts that could be construed to establish federal question or diversity jurisdiction.

"Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008) (quoting *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 550 (5th Cir. 2008)). However, here, the *Writ of Removal* lacks any factual allegations that support federal question or diversity jurisdiction. To the extent Bey has or will attempt to assert defenses based in federal law, that is insufficient to support subject matter jurisdiction in this Court. "[A] case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (emphasis in original); *see also Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ("A defense that raises a federal question is inadequate to confer federal jurisdiction.").

It is also clear from Bey's filings, that there is no jurisdiction based on diversity of the parties. Despite his arguments to the contrary, Bey establishes in his *Civil Cover Sheet* that he is a citizen of the State of Texas, as he lists Dallas County as his county of residence. Likewise, in his *Certificate of Interested Persons,* he gives as his address 5151 Village Fair Drive, Dallas Texas 75224. Doc. 3 at 3; Doc. 5 at 5. As a Texas resident, Bey shares the same state of citizenship as the Plaintiff named in the state petition. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants).

### III. CONCLUSION

For the foregoing reasons, this action should be **REMANDED** to the Dallas County Justice Court, Precinct 1, Place 1, Cause No. JE19-07565H.

**SO RECOMMENDED** on  December 19, 2019.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).